Philip E. Winter Lyon County Counselor Lyon County Courthouse Emporia, Kansas 66801
Dear Mr. Winter:
As Lyon county counselor you request our opinion concerning the boundaries of fire districts in your county. You inform us that portions of Fremont township in Lyon county were inadvertently included in both the Reading rural fire benefit district and fire district no. 4. You further inform us that these fire districts were formed by two separate resolutions in 1961 and 1968. The 1961 resolution, forming the Reading fire district, included a small area of Fremont township by a description in metes and bounds. The 1968 resolution creating fire district no. 4 included that same area by describing its boundaries to encompass all of Fremont township. Your specific inquiries are:
"1. May the fire district simply be corrected by a resolution correcting the latter description excluding that land?
"2. May the taxes be corrected under K.S.A. 79-1701a since as you will note from the publication which is attached hereto, although the description contains the error, the map actually published shows the land not in the latter fire district?"
Procedures for disorganization or alteration of an existing fire district's boundaries are stated in K.S.A. 19-3604:
 "(a) Any fire district may be disorganized by the board of county commissioners at any time after four years from the date of the publication of the final resolution for the first organization of such district upon a petition to the board and the making of an order in like manner as in the case of organizing any fire district under K.S.A. 19-3603, and amendments thereto.
 "(b) Subject to the provisions of K.S.A. 1986 Supp. 19-270, the territory of any organized fire district may be subsequently altered by the inclusion of new lands or by the exclusion of lands therein upon a petition to the board of county commissioners signed by the owners of at least 10% of the area of the lands sought to be included or excluded, which petition shall conform, as near as may be possible, to the petition required for the organization of a fire district. . . ."
Therefore, if 10% of the land owners in the area of Fremont township that is included in both fire districts petition for the exclusion of their area from the 1968 resolution including them in fire district no. 4, then the board of county commissioners must follow the above procedure to alter the boundaries. However, there is no petition by the residents nor alteration of the boundaries involved in the situation of your county. According to K.S.A. 19-3602, "the board of county commissioners upon its own motion . . . may proceed to organize any or all portions of its county into one or more fire districts by the adoption of a resolution. . . ." In our opinion, the power of the county commission to create a fire district by resolution, necessarily implies that the board of county commissioners has the power to correct clerical errors in the resolution by way of another resolution. To answer your first inquiry, the board of county commissioners may correct clerical errors describing the boundaries of the fire districts by adopting a resolution clarifying them without awaiting a petition to do so.
Your second question involves the ability to remedy the "double taxation" that occurred due to the error in the fire districts' boundaries. The board of county commissioners can correct the situation by ordering an abatement of excess taxes or, if the taxes have already been paid, a refund of the same pursuant to K.S.A. 79-1701a:
 "Any taxpayer, the county appraiser or the county clerk shall, on their own motion, request the board of county commissioners to order the correction of clerical errors in the appraisal, assessment or tax rolls as described in K.S.A. 79-1701. . . .
 "The board of county commissioners of the several counties are hereby authorized to order the correction of clerical errors, specified in K.S.A. 79-1701 . . . for the current year and the immediately preceding two years during the period on and after November 1 of each year."
Therefore, the landowners within the area taxed by both districts may be entitled to an abatement or refund for 1994, and a refund of the excess taxes for 1993 and 1992 if this situation qualifies as a clerical error pursuant to K.S.A. 79-1701.
 "The county clerk shall, prior to November 1, correct the following clerical errors in the assessment and tax rolls for the current year, which are discovered prior to such date:
 "(a) Errors in the description or quantity of real estate listed." K.S.A. 79-1701.
There was an error in the description of the real estate included in the 1968 resolution creating fire district no. 4. The description in the resolution does not reflect the intent of the board of county commissioners. This is evidenced by the fact that while the narrative description included all of Fremont township, the map that was also published did not include the area already a part of the Reading rural fire district.
The second indication that the commission could not have intended the inclusion of the area in question is that if it were deemed to be included, the resolution would be invalid. K.S.A. 19-3601 prohibits any fire district or part of fire district to be included within a fire district under the act. The one exception is K.S.A. 19-3611 which is not pertinent to this situation. We believe the narrative description's inclusion of territory already included in another fire district was a clerical error which lead to an error in the assessment of real estate in that territory.
In conclusion, a clerical error in the description of a fire district may be corrected by a resolution adopted by the board of county commissioners. Any excessive taxing as a result of such an error may be refunded for the current year and the two previous years pursuant to K.S.A. 79-1701a. K.S.A. 79-1701 provides that an error in the description of real estate listed qualifies as an error under K.S.A.79-1701a.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Nobuko K. Folmsbee Assistant Attorney General
RTS:JLM:NKF:bas